NATHANIEL ENGLISH, PLAINTIFF, *v.* THE PRESIDENT, ETC., OF THE DELAWARE AND HUDSON CANAL COMPANY, DEFENDANT.

*Removal of passenger from railroad car — Evidence of attempt to avoid payment of fare on other occasions — Right to resist conductor.*

In an action brought for the recovery of damages, alleged to have been sustained by the plaintiff by being improperly removed from defendant's cars after having paid his fare, evidence going to show that on other occasions plaintiff had done acts showing an attempt to avoid payment of his fare, is properly rejected.

A charge that plaintiff had a right to resist the conductor's attempt to put him off the car, if he was rightfully there, *held*, proper.[*]

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a verdict for plaintiff.

The action was for damages caused to plaintiff by his being illegally ejected from defendant's cars, upon a claim of non-payment of fare.

The defendant claimed, among other things, that the evidence of a witness, named Martin, as to the credibility of the plaintiff, was improperly admitted, as he was not shown, as defendant claimed, to have had knowledge of his reputation, or to have lived in the neighborhood of the plaintiff.

*O. W. Chapman,* for the plaintiff.

*J. G. Runkle,* for the defendant.

BOARDMAN, J.:

By the verdict of the jury it is established that the plaintiff had once paid his fare when it was a second time demanded, and that, as a consequence, his ejection from the cars was wrongful. It is also determined that the action of the conductor was within his authority, and in the line of his duty, as he claimed the facts to be. The amount of damages is also fixed by the verdict. None of these questions can properly come before us upon this motion for a new trial. Nothing but the exceptions taken upon the trial is here for review. (3 Wait's Pr., 433, and cases cited.)

[*] See, upon this point, *Townsend* v. *N. Y. C. and H. R. R. R. Co.* (56 N. Y., 301). — REP.

The exceptions may be briefly disposed of. Defendant offered to show that plaintiff, on other occasions, had done things which would justify the jury in imputing to him a motive to avoid payment of fare. If, on this occasion, he had paid his fare, he was entitled to his passage, whatever his past conduct may have been.

Martin's evidence as to plaintiff's character was admissible for what it was worth. The distance Martin lived from plaintiff, the degree of acquaintance with plaintiff, and with the community in which plaintiff lived, were elements in the value of Martin's estimate of character, but do not affect its admissibility.

There was no error in the charge that plaintiff had the right to resist the conductor's attempt to remove him from the car, if rightfully there. The conductor was in the wrong, and plaintiff had a right to resist such wrong. Whatever consequences followed such resistance, are chargeable to defendant, so long as the conductor was engaged in putting plaintiff off the cars. Especially is this true when the attempt to put him off was while the cars were still in motion. Self preservation was a sufficient justification of extreme resistance. (*Sanford* v. *Eighth Av. R. R.*, 23 N. Y., 343; *Hamilton* v. *Third Av. R. R.*, 35 Supr. Ct. R., 118.)

The charge of the learned judge was eminently fair, and as favorable to defendant as could be properly demanded.

The facts have been determined by the jury, and cannot be reviewed upon this motion. No error appears in the rulings or charge of the court.

The motion for a new trial must therefore be denied, and judgment ordered for the plaintiff on the verdict, with costs.

JAMES, J., concurred.

Judgment affirmed, with costs.